UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------- x
                                          :

FIFTH THIRD BANK, Successor-in-       :
Interest to Fifth Third Bank, Kentucky, Inc., :
                                          :         **Memorandum and Order**
                      Plaintiff,      :
                                          :            05-mc-52 (DLI)
           -against-            :
                                          :
ROBERT B. MYTELKA,          :
                    Defendant.    :
                                          :
                                          :
--------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

Before the court is defendant Robert B. Mytelka's motion, pursuant to Fed. R. Civ. P. 60(b), for relief from a default judgment entered against him by the U.S. District Court for the Western District of Kentucky, Louisville Division ("the rendering court") and registered in this district. Mytelka argues that the default judgment against him is void because it was entered without a valid affidavit of service or hearing testimony demonstrating proof of service of process. He asserts that he was never served. After careful review of the facts in this case and as set forth in detail below, the court finds it most appropriate to transfer the matter to the rendering court where the default judgment was entered to decide this motion.

FACTUAL BACKGROUND

On May 4, 2004, plaintiff, Fifth Third Bank, Inc. ("Fifth Third Bank") filed suit in the Western District of Kentucky to collect sums owed on a promissory note signed by Mighty Mowers, Inc. and personally guaranteed by Mytelka. (*See Fifth Third Bank v. Mytelka, No. 3:04cv-271-C* (W.D.Ky. May 3, 2004) (Complaint) attached as Exh. A to Affirmation of Laura

M. Feigenbaum ("Feigenbaum Decl."), Dkt. No. 4).  On May 14, 2004, an affidavit of service was filed alleging service of the summons and complaint upon the defendant on or about May 13, 2004.  (*See* Exh. B to Feigenbaum Decl.).[1] This form affidavit for proving service was pre-stamped and signed by a notary public but was not signed by the affiant server.  On June 10, 2004, the Fifth Third Bank moved for default judgment against Mytelka, and default was entered without a hearing on July 14, 2004.  In both the entry of default and final judgment, the rendering court found that Mytelka was served with the summons and complaint on May 13, 2004 and that he failed to appear, plead or otherwise defend this suit within the time required by law.

On March 15, 2005, Fifth Third Bank registered the judgment in this district pursuant to 28 U.S.C. § 1963.[2] Two years later, Fifth Third Bank assigned the judgment to the Cadle Company II, Inc. ("assignee"), but made the assignment effective as of December 27, 2005.  The

---

[1]      In the affidavit, the server states that he delivered a copy of the summons and complaint to the defendant's dwelling place in Spring Valley, New York on the morning of May 13, 2004 and left the same with an unnamed woman at the address.  (Exh B. to Feigenbaum Decl.).  He states that he asked the woman whether Mytelka was in active military service and received a negative reply.  (*Id.*).  Within 20 days of the service on the dwelling, the server mailed a copy of the summons and complaint to that address.  (*Id.*).

[2] Specifically, the statute provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment *in any other district* . . .  when the judgment has become final by appeal or expiration of the time for appeal . . . .  A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.  A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

28 U.S.C. § 1963 (emphasis added).  The statute permits a plaintiff to register judgment in any district, presumably, in any district where it can enforce judgment. Once a judgment is registered in a given district, it becomes a lien on the defendant's property in the state in which the district is located to the same extent that a statement judgment does. 28 U.S.C. § 1962.

notice of assignment was first filed in the rendering court on March 21, 2007 and then in this district on March 30, 2007. (*See* Dkt No. 2 & 3).

The assignee's efforts to collect on the judgment reached Mytelka in December 2006. Mytelka contends that he had never received the summons and complaint or the motion for default judgment. (Affidavit of Robert B. Mytelka ("Mytelka Aff." attached to Feigenbaum Decl.) ¶¶ 9-10). He tried to negotiate a settlement with the assignee in April 2007, but was unsuccessful. (*Id.* ¶ 7). On October 24, 2007, Mytelka moved to vacate the judgment as void pursuant to Fed. R. Civ. P. 60(b)(4) or open the default judgment pursuant to Fed. R. Civ. P. 60(b)(1). Plaintiff opposes the motion and asks the court to hold a traverse hearing to determine whether the summons and complaint had in fact been serviced. On October 29, 2007, the assignee filed an amended affidavit of service in the rendering court. This amended affidavit is identical to the version previously filed at the outset of the case in May 2004 except it contains the signature of the affiant and is dated September 26, 2007.

## DISCUSSION

A judgment is void under Fed. R. Civ. P. 60(b)(4) if it is entered by a court against a party over whom it lacks personal jurisdiction. *Velez v. Vassallo*, 203 F. Supp. 2d 312, 317-18 (S.D.N.Y. 2002). Before a court can acquire personal jurisdiction to render a valid personal judgment against a defendant, due process requires that the defendant receive adequate notice through valid service of process. *See Retail Software Services, Inc. v. Lashlee*, 854 F.2d 18, 22-23 (2d Cir. 1988); *Amen v. City of Dearborn,* 532 F.2d 554, 557 (6th Cir.1976). The burden is on the plaintiff to perfect service of process and show that proper service was made. *See* Fed. R. Civ. P. 4(l)(1)(requiring the plaintiff to prove service of the summons and complaint upon the defendant through an affidavit); *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F.Supp.2d 367,

384 (S.D.N.Y.2006); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). "An affidavit of service constitutes prima facie evidence of effective service." *Polygram Merchandising, Inc. v. New York Wholesale Co.*, 2000 WL 23287, at *2 (S.D.N.Y. Jan.13, 2000); *Howard Johnson Int'l Inc. v. Wang,* 7 F.Supp.2d 336, 339 (S.D.N.Y.1998), *aff'd* 181 F.3d 82 (2d Cir. 1999). Once this evidence has been contested, however, it is ultimately plaintiff's burden to demonstrate that service was proper. *Id.* Mytelka is claiming that the judgment is void because plaintiff's service of process is not supported by adequate proof, specifically because plaintiff's original affidavit of service was unsigned. Plaintiff responds that a proof of service could be amended, and indeed it has filed a belated perfection of affidavit proving service.[3]

Generally, relief from judgment under Rule 60(b) is obtained by motion "in the court that rendered the judgment." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 Federal Practice and Procedure § 2787 (2d. ed. 1995) ("Fed. Prac. & Pro."). This is so because "the district court rendering the judgment" is generally "more familiar with the facts" and "perhaps more conversant with the applicable law" than a district court of registration. *Covington Indus. v. Reintex, A.G.*, 629 F.2d 730, 733 (2d Cir. 1980) (noting that Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment). But when the 60(b) motion is for relief from a default judgment, assumptions about the rendering court's qualifications are less applicable when the defendant does not appear and the court does not receive evidence or making findings in the matter except on the issue of damages. *Id.* The U.S. Court of Appeals for the Second Circuit in *Covington Industries* held that when a court of rendition is no more

---

[3]     Generally, the failure of the plaintiff to prove service of process does not necessarily affect the validity of service as the district court may permit proof of service to be amended under Fed. R. Civ. P. 4(l)(3). However, when requests to amend the proof of service would prejudice a substantial right of a party, such as defendant's right to challenge a default judgment, the district court has the discretion to deny the request or to grant it on appropriate terms. 11 Fed. Prac. & Pro. § 1132.

familiar with the factual situation than the court of registration, the court of registration may adjudicate a 60(b) motion voiding judgment for lack of personal jurisdiction in the rendering court.[4] At the same time, the district court in which the judgment is registered would be well within its discretion to refer a 60(b) motion back to the rendering court. *See Covington*, 629 F.2d at 738; *United States v. Fluor Corp.* 436 F.2d 383 (2d Cir. 1970).

In this case, the defendant is moving in this district to void the judgment by pointing to a procedural defect in the plaintiff's filings in the rendering court. Mytelka contends that the Fifth Third Bank did not adequately document proof that process was served on him and that the rendering court relied on the inadequate proof of service to issue its default judgment. Though this court, under the law of the Second Circuit, has discretionary authority to decide the motion, the court finds the question more appropriate before the rendering court, which is more familiar with the procedures for granting default and entering default judgment in the Western District of Kentucky. Moreover, the plaintiff's attempt to amend and perfect the proof of service was also filed there. In light of these developments, the court declines to exercise its discretion under the law of this Circuit to decide the motion, and transfers the matter back to the rendering court pursuant to 28 U.S.C. § 1404.

---

[4] Several other circuits have required that a Rule 60(b) motion be presented to the court that rendered judgment, depriving courts of registration discretion to grant relief on such a motion. *See Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000); *Indian Head Nat'l Bank v. Brunelle*, 689 F.2d 245, 252 (1st Cir. 1982)(reversing district court's premise that a registration court is an appropriate forum to entertain Rule 60(b) motion so long as it is a sufficiently convenient forum); *First Beverages, Inc. v. Royal Crown Cola Co.*, 612 F.2d 1164, 1172 (9th Cir. 1980). *But see*, *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001)(following the Second Circuit in *Covington* and permitting courts of registration to void judgments under Rule 60(b)); *Rector v. Peterson*, 759 F.2d 809 (10th Cir. 1985).

CONCLUSION

Accordingly, the matter is transferred to the rendering court in the United States District Court for the Western District of Kentucky, Louisville Division. Any effort to enforce the judgment in this district is stayed pending the outcome of the 60(b) motion before the rendering district.

SO ORDERED.

Dated: Brooklyn, New York
August 16, 2008

/s/
DORA L. IRIZARRY
United States District Judge